| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------X<br>In Re:<br><br>Akmal H. Sadikov,<br><br>                         Debtor(s).<br>------------------------------X | **Return Date:** February 6, 2024<br>**Time: 12:00 pm**<br><br>Chapter 7<br>Case No.: 1-23-11461 |

## NOTICE OF MOTION FOR AN ORDER REOPENING THE ABOVE REFERENCED BANRUPTCY PROCEEDING FOR THE SOLE PURPOSE OF ALLOWING THE DEBTOR TO AMEND THE PETITION TO ADD CREDITORS

PLEASE TAKE NOTICE that a hearing shall be held on February 13, 2024 at 2:00 pm on the motion filed by Akmal H. Sadikov, seeking Motion for an Order to Reopen (the "Motion") [ECF No. 16]. and supporting application, for an Order reopening the above referenced bankruptcy proceeding pursuant to 11 U.S.C. section 350 and Bankruptcy Rules 5010 and 9024 for the sole purpose of allowing the Debtor to amend his petition to add creditor. The hearing shall be held before the Honorable Judge Martin Glenn, United States Bankruptcy Judge of the Southern District of New York, via Zoom.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by February 6, 2024 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be served, so as to be received by the Objection Deadline, on: February 6, 2024.

PLEASE TAKE FURTHER NOTICE, that you may appear at the hearing by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. Instructions for registering

at https://www.nysb.uscourts.gov/content/chiefjudge-martin-glenn

or https://www.nysb.uscourts.gov/ecourt-appearances If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Glenn courtroom deputy for instructions at (212) 284-4037 or

mg.chambers@nysb.uscourts.gov

    PLEASE TAKE FURTHER NOTICE that the hearing on the Motion may be adjourned without notice other than an announcement at the hearing.

Dated: 1/23/24

Law Office of Rima Nayberg

By: Rima Nayberg, Esq.
7 Knickerbocker Rd
S. Plainview, NY 11803
Tel. 516-860-9014
Email: naybergrima@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In Re:

Akmal H. Sadikov,

                    Debtor(s).
---------------------------------X

Return Date: February 6, 2024
Time: 12:00 pm

Chapter 7
Case No.: 1-23-11461

## APPLICATION IN SUPPORT OF AN ORDER REOPENING THE ABOVE REFERENCED BANRUPTCY PROCEEDING FOR THE SOLE PURPOSE OF ALLOWING THE DEBTOR TO AMEND THE PETITION TO ADD CREDITORS

Akmal H. Sadikov (the "Debtor"), the Debtor in the above-referenced bankruptcy proceeding, through his attorneys, Rima Nayberg, hereby submits this application in support of his motion for an order reopening the above-referenced bankruptcy proceeding for the sole purpose of adding creditors to the schedules of the petition pursuant to section 350 of Title II of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 5010 and 9024 and hereby states as follows:

1. I am a partner of Law Offices of Rima Nayberg, attorneys for the Debtor, and as such I am fully familiar with the facts surrounding this bankruptcy case and this motion.

2. The Debtor submits this motion seeking an Order reopening the above-referenced bankruptcy proceeding pursuant to section 350 of the Bankruptcy Code for the sole purpose of adding a creditors to the Debtor's petition and Rules 5010 and 9024.

Background Facts

3. On September 6, 2023, the Debtor filed for bankruptcy relief pursuant to Chapter 7 of Title II of the United States Code (the "Bankruptcy Code"). Gregory M. Messer was thereafter appointed the chapter 7 trustee (the "Trustee").

4. The Debtor was examined by the Trustee at the 341 meeting and she subsequently filed a report of no distribution on November 21, 2023.

5. The Debtor received a discharge on December 19, 2023 and the case was closed on December 26, 2023. The order granting the debtor a discharge is on the Court's Electronic Docket as Docket No. 15.

6. By way of this motion, the Debtor seeks an Order reopening the above-referenced case for the sole purpose of adding creditors to the Debtor's petition.

Basis for Relief

7. Section 350 (b) of the Bankruptcy Code provides that "[a] case may be reopened in the court which such case was closed to administer assets, to accord relief to the debtor, or for other cause." II U.S.C. S350(b). A party seeking relief from an order closing a chapter 7 case may do so pursuant to Bankruptcy Rules 5010 and 9024, which implements Rule 60 ("Rule 60") of the Federal Rules of Civil Procedure.

8. Bankruptcy Rule 5010 provides that a case may be reopened on motion of the debtor or other party in interest pursuant to Section 350(b) of the Bankruptcy

9.  Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States Trustee unless the court determines that a trustee is necessary to protect the interest of creditors and the debtor or to insure efficient administration of the case. Fed. R. Bankr. P. 5010.

10. Bankruptcy Rule 9024 and Rule 60 provide the Court with wide discretion to reopen a chapter 7 case to facilitate a distribution or for "any other reason that justifies relief."

11. Rule 60 provides, in pertinent part: (b) Grounds for Relief from a Final Judgment, Order or Proceeding. On Application and just terms, the Court may relieve a party or its representative from a final judgment, order, or proceeding for the following reasons (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). II. The Debtor inadvertently failed to list one creditor in his petition. The Debtor wishes to amend his petition to add the following creditor: Friss Law Firm, P.C., Natalya Friss, Esq. 11 Broadway Ste. 615 New York, NY 10004-1490 in the amount of $17,000. Annexed hereto is Rule 1009 Affidavit executed by the Debtor seeking to amend the petition to include two creditors. Also, annexed hereto is the proposed amended schedule adding the creditor.

11. No prejudice will befall the added creditors as a bar date to file proof of claim was not set in this case. The Trustee found no assets in this case and filed a report of no distribution. The failure to schedule those creditors did not deprive them of an opportunity to file proof of claim.

12. In addition, the claims held by those two creditors do not arise from fraud, misrepresentation, willful or malicious injury and they do not have grounds to object to the dischargeability of their debt. Had the debt been scheduled, it would have been discharged along with the other dischargeable debts.

13. In view of the foregoing, cause exists to reopen the case to allow the Debtor to amend his petition to add those creditors.

WHEREFORE, in view of the foregoing, it is respectfully requested that this Court enter an Order reopening the above-referenced case for the sole purpose of adding creditors to the Debtor's petition and for such other, further and different relief as this Court deems just, proper and equitable.

Dated: 1/23/24

Law Office of Rima Nayberg

_____
By: Rima Nayberg, Esq.
7 Knickerbocker Rd
S. Plainview, NY 11803
Tel. 516-860-9014
Email: naybergrima@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In Re:                                          Chapter 7
                                                Case No.: 1-23-11461

    Akmal H. Sadikov,

                       Debtor(s).
------------------------------X

State of New York)
                )
County of Queens)

## AFFIDAVIT

Akmal H. Sadikov, the Debtor herein, being duly sworn, swears the following to be true under the penalty of perjury:

1. I filed the petition under Chapter 7 of the Bankruptcy Code on September 6, 2023.

2. I was examined by the Chapter 7 trustee, and he filed a report of no distribution.

3. I received a discharge on December 19, 2023, my Chapter 7 case was closed.

4. I realized I did not include a creditor.

5. I wish to amend the schedule E/F to include a creditor:

    a.    Friss Law Firm, P.C., Natalya Friss, Esq. 11 Broadway Ste. 615 New York, NY 10004-1490 in the amount of $17,000.

Date: 1/23/24

                                                Akmal H. Adikov

Sworn before me this
23 day of January of 2024

GLENDA L. CRUZ
Notary Public - State of New York
No. 01CR6183193
Qualified in Kings County
My Commission Expires March 16,

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
In Re:                                                    Chapter 7
                                                          Case No.: 1-23-11461

Akmal H. Sadikov,

                    Debtor(s).
-------------------------------X

## ORDER REOPENING THE ABOVE-REFERENCED BANKRUPTCY CASE FOR THE SOLE PURPOSE OF ALLOWING THE DEBTOR TO AMEND SCHEDULES TO ADD CREDITORS

Motion having been made by Akmal H. Sadikov, (the "Debtor"), the above-referenced debtor, through his attorneys, the Law Offices of Rima Nayberg, seeking an Order pursuant to Section 350 of Title 11 of the United States Code and Bankruptcy Rules 5010 and 9024 reopening the Debtor's above-referenced bankruptcy proceeding for the sole purpose of allowing the Debtor to amend his schedules to add creditors; and it appearing that motion having been served upon the Chapter 7 trustee, the United States Trustee, all creditors and other parties in interest, and no one having filed opposition and the motion having been scheduled to be heard on _____; no one appearing in opposition thereto and good and sufficient cause having been shown; it is

ORDERED, that the above-referenced bankruptcy proceeding is hereby reopened for the sole purpose of allowing the Debtor to amend Schedule E/F to add two general unsecured creditors; and it is further ORDERED that after the Debtor has filed an amended E/F the Clerk of the Court shall close the above-referenced bankruptcy proceeding.