At a Matrimonial Term, Part 5J of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 26th day of July, 2023.

PRESENT: HON. THERESA M. CICCOTTO
              Justice of the Supreme Court

-----------------------------------------------------------X
FARANGIZ BONU GULYAMOVA,

                                       Plaintiff,          Index No. 552703/2020

-against-

                                                        Motion Seq. #3 & #4

                                                        <u>DECISION /ORDER</u>

AKMAL SADIKOV,

                                       Defendant.
-----------------------------------------------------------X

RECITATION, AS REQUIRED BY CPLR§ 2219(a), OF THE PAPERS CONSIDERED AS WELL AS ORAL ARGUMENT CONSIDERED IN THE REVIEW OF THIS MOTION.

| PAPERS | NUMBERED |
|---|---|
| ORDER TO SHOW CAUSE AND AFFIDAVITS ANNEXED............... | ......1-3............ |
| ANSWERING AFFIDAVITS.................................................................. | ....7................ |
| REPLY AFFIDAVITS............................................................................ | .................... |
| OTHER........................CROSS-MOTION....................................... | ......4-6........... |

UPON THE FOREGOING CITED PAPERS, THE COURT FINDS AS FOLLOWS:

In this post-judgment matter, Defendant moves for an Order: 1) to vacate the Judgment of Divorce, ("Judgment"), dated January 16, 2023, or in the alternative, to vacate the child support provision within said Judgment; 2) to stay enforcement of the child support provisions through the Child Support Collection Unit, pending hearing or decision of this motion; 3) scheduling a hearing on the limited issue of child support; and 4) "permitting to pay the counsel fee Judgment over the course of one year."

In her Cross-Motion, Plaintiff moves for an Order: 1) awarding reasonable attorney's fees

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023
23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 2 of 10

and costs of the instant motion in the amount of $5,000 and/or sanctions pursuant to 22 NYCRR §130-1.1.

**Background**:

The parties were married on August 15, 2015 in Samarkand, Uzbekistan. There is one child of the marriage, to wit: Malikabegim, age 7 years. The parties subsequently moved to Brooklyn, New York. Plaintiff commenced the instant action via the filing of a Summons with Notice on December 2, 2020. Defendant was personally served with same on December 24, 2020. Plaintiff retained Natalya Friss, Esq. and Defendant retained Konstantinos Gaisidis, Esq.

According to Defendant, he hired Mr. Gaisidis in December 2020, in response to Plaintiff's commencement of the instant action. He claims that in the U.S., he was employed as a truck driver, and as a result, was "almost always on the road." (OSC, p. 2, ¶6). However, since COVID caused *his business* to close, he decided to return to Uzbekistan to visit his parents, and ultimately remained there for seven months. He claims that his stay was extended by his inability to get any flights back to the United States. Additionally, he claims that while in Uzbekistan, he had limited access to the Internet. As such, he was dependent on Mr. Gaisidis to inform him about what was going on with this case.

Defendant complains that for the last several years, he has been forced to live off his savings. Despite his financial crisis, he claims that he still continued to pay rent for Plaintiff and their child for months, despite the fact that he no longer had any business or work. Upon returning to the United States, since his business was "no longer a lucrative business the way it was," (*id.*, ¶8), he became employed as an office clerk for a moving company. He argues that he had no reason to know or suspect that Mr. Gaisidis was not "doing his job," particularly since he kept assuring Defendant that he was handling things and would inform Defendant if he needed anything from him.

2

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 3 of 10
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023

Defendant argues that since he was ignorant of the legal process, he was unable to determine with any semblance of certainty, whether or not Mr. Gaisidis was properly representing him. In fact, he claims that he believed that Mr. Gaisidis was doing everything necessary to protect and promote his rights.

Defendant further claims that it was not until 2023 that he learned that Mr. Gaisidis "had blown deadlines and missed court dates......including those that [Defendant] should have been a part of...thereby leading to [Defendant's] great prejudice" (*id.*, ¶11). In October 2022, Mr. Gaisidis informed Defendant that he was required to appear for a hearing. However, Mr. Gaisidis failed to explain what said hearing would entail. It was at this "hearing," that Defendant learned of the frequent missed deadlines and court dates. Defendant also claims that he understood at that time that this Court would not permit him to "put in testimony or evidence regarding [his] actual level of income because the Court determined that [he] should be precluded from offering any evidence" (*id.*, p. 3, ¶14). As such, he now claims that his income was "set at $100,000," despite the fact that his actual income was far less than this amount. However, the Court notes that further into his Affidavit, Defendant concedes that when he owned a trucking company he earned approximately $100,000 annually.

In February 2023, Defendant hired his present attorney, Ms. Gourari, after he became aware via the Divorce Judgment, that he was required to pay child support beyond his means. Ms. Gourari advised him that Mr. Gaisidis was essentially "asleep at the wheel" (*id.*, ¶18). Now, Defendant finds it necessary to inform the Court that Mr. Gaisidis actually admitted that he had an alcohol problem after Defendant confronted him with his absenteeism and missed deadlines. Defendant also claims that Mr. Gaisidis appeared drunk at many of their meetings and that he also observed Mr. Gaisidis drinking alcohol at some meetings.

3

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 4 of 10
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023

Defendant claims that he now knows that Plaintiff had submitted a written motion seeking temporary maintenance in the amount of $1,035.48 and child support in the amount of $1,240.63, 67.21% of add on expenses, $10,000 in attorney fees and $5,700 in COVID relief money. He was not aware that Mr. Gaisidis failed to file opposition to this motion. Thereafter, Defendant claims that he became aware that Plaintiff had filed a motion seeking contempt, which Mr. Gaisidis also failed to oppose. Defendant insists that he prepared a Statement of Net Worth, and also gave same to Mr. Gaisidis, along with his income tax returns. Thus, he was under the mistaken impression that Mr. Gaisidis had served and filed these financial documents. Defendant also claims that he has been paying child support in the amount of $400 per month since November 2021, because this is the only amount he can afford to pay.

According to Plaintiff, between January 2021 and the date of the instant Order To Show Cause, (March 2023), two motions were filed, and multiple appearances took place, which culminated in an inquest on default taking place on June 21, 2022. The Judgment of Divorce was subsequently signed in January 2023, shortly after receipt of same by this Court. Plaintiff points out that the Decision/Order addressing *pendente lite* relief was issued on June 15, 2021. In view of the fact that Defendant failed to comply with said Order, she explains that she had no alternative but to file an Order To Show Cause seeking civil contempt. Plaintiff argues that since Defendant was personally served with this OSC, he was obviously aware of its existence and content. Moreover, she acknowledges the many attempts this Court made to settle this matter amicably, to no avail. Consequently, she acknowledges that because she had endured an unnecessary protraction of the litigation through no fault of her own, which caused her to incur financial hardship, and due to the Defendant's refusal to participate in the process, the Court rightfully granted her an inquest on default.

It is important to note that an official court Uzbekistan interpreter was present virtually or physically in court on every scheduled appearance. The Court also noted for the record that numerous attempts to contact Mr. Gaisidis during the progression of the case were frequently futile, in that his voice mailbox was always full, and he would inevitable fail to respond to e-mails and letters from the Court. Interestingly, both Mr. Gaisidis and Defendant appeared on the day said inquest on default was scheduled, so obviously they were aware of same. On that day, the Court made a specific and comprehensive record detailing the absences of both or either Defendant or Mr. Gaisidis at several appearances as well as the failure to oppose two independent motions that had been served and filed. The Court also noted that some of the conferences were held virtually to accommodate Defendant when Defendant he was in Uzbekistan, thereby undermining his contention that he had difficulty accessing the internet.

As such, despite his fervent denials, he was aware of and was involved in choosing mutually convenient future court dates. On the day of the inquest, neither Mr. Gaisidis or Defendant objected to the Court's recitation of the events leading up to same. Moreover, on some of the court appearances that Defendant failed to appear for, Mr. Gaisidis informed the Court that Defendant was ill, was unable to lift heavy objects and was too busy to see his child because he was in the process of seeking employment. It is also important to note that on or about December 15, 2021, Mr. Gaisidis appeared in court, claiming that Defendant had "fired" him. However, he failed to produce a "Consent To Change Attorney," form. When questioned further, he could not provide any specific details or reasons as to why Defendant allegedly made the decision to fire him.

Furthermore, Defendant *never* informed the Court that he had fired Mr. Gaisidis or that he was dissatisfied with his representation. Prior to conducting the inquest on default, the Court made attempts to contact both Mr. Gaisidis and Defendant. On January 20, 2022, Mr. Gaisidis appeared

5

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 6 of 10
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023

and informed the Court that Defendant had suffered an injury and that he would provide medical documentation of same as soon as he received it from Defendant. No medical documentation was ever submitted. On April 19, 2022, both Mr. Gaisidis and Defendant failed to appear, with no excuse proffered. On April 26, 2022, the Court made a record detailing its inability to contact Mr. Gaisidis or Defendant. Thereafter, the OSC seeking contempt was made and not opposed, despite the Court granting Mr. Gaisidis an extension within which to submit opposition. Consequently, the Court felt that it had no option but to conduct the inquest on default, acknowledging Plaintiff's consistent appearances in court and the amount she was forced to expend on representation. Beside remaining silent during said inquest on default, it is also important to note that Defendant did not at any time, apprise this Court that he had fired Mr. Gaisidis or that he was unhappy with Mr. Gaisidis's performance.

**Positions of the parties:**

Defendant asserts that he is a victim of Mr. Gaisidis's ineffective assistance of counsel due to what apparently appears to be a result of his mental illness and/or substance abuse. He argues that mental illness and substance abuse issues constitute extraordinary circumstances which would compel a court to excuse said attorney's errors or omissions. He also argues that this Court is empowered under these circumstances, to grant a child support hearing in the interests of justice. Moreover, he argues that while he would be prejudiced if the Judgment is not vacated due to ineffective assistance of counsel, Plaintiff would not be prejudiced because there was no prior hearing on this issue (*id.*, p. 4, ¶8).

Plaintiff argues that Defendant was in possession of every motion that was made and all documents that had been exchanged during discovery. She points out that both Defendant and Mr. Gaisidis were present at the inquest on June 21, 2022, yet Defendant did not file a motion to vacate

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023

23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 7 of 10

the Divorce Judgment until March 15, 2023. As such, she argues that Defendant cannot prevail in his instant OSC, because as the movant, he was required to show that his default was excusable, that there was merit to his defense, that there was an absence of willfulness and that no real prejudice resulted to the other party. Unfortunately, he failed to make a sufficient showing.

Plaintiff also argues that Defendant's most recent tax return which was submitted at the commencement of the action, indicated that his trucking company earned $214,768 in 2019 and $118,319 in 2018. However, once Defendant was served with notice of the instant action, he conveniently closed his company, alleging it was not profitable. Plaintiff claims that official public records indicate that his business, "Sodiqjon Express, Inc.," is still active as of May 30, 2023. She attaches a copy of the NYS Department of State, Division of Corporations Entity Information, as her Exh. "A." Plaintiff also argues that the Statement of Net Worth dated April 4, 2022, that he annexes as evidence cannot be considered because it is not signed by Mr. Gaisidis and has no retainer agreement attached to it. Therefore, it is unclear if Mr. Gaisidis even had this Statement of Net Worth in his possession. Plaintiff finds it curious that Defendant has failed to execute an amended Statement of Net Worth, that is current. She also points out that he fails to submit a CSSA worksheet or any calculations as to how much he believes he should be paying in support.

Plaintiff further argues that the law is clear that in determining child support and maintenance, a court may impute income to a party who has voluntarily reduced his or her earning capacity, or has hidden assets or has refused to produce them.

**Conclusions of law**:

The Supreme Court has the discretion to determine whether a default should be vacated in matrimonial actions (see *Black v. Black*, 141 A.D.2d 689 [2d Dept. 1988]; *Passas v. Passas*, 18 A.D.3d 842 [2d Dept. 2005]). Defendant has the burden of establishing the existence of fraud,

7

misrepresentation, or misconduct on the part of Plaintiff sufficient to entitle him to vacatur of the judgment (see generally *Sicurelli v. Sicurelli*, 73 A.D.3d 735 [2d Dept. 2010]; *Ferdico v. Zweig*, 82 A.D.3d 1151 [2d Dept.2011]; *Porter v. Porter*, 137 A.D.3d 992 [2d Dept. 2016]). Furthermore, "[a]lthough the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (*Farhadi v. Qureshi*, 105 A.D.3d 990, 991 [2d Dept. 2013]; see *Dankenbrink v. Dankenbrink*, 154 A.D.3d 809, 809 [2d Dept. 2017]).

The Court notes that Defendant has submitted a Reply wherein he requests and expects the Court to do a recalculation of child support based on newly provided pay stubs, his W-2 and 1099 which allegedly represent his entire income for 2022. In same, he argues that he was not aware of the contempt motion because he did not know how to utilize NYSCEF. The Court first notes that this argument is belied by the fact that Defendant was personally served with the contempt motion. Moreover, if Defendant is seeking a downward modification of his support obligation, the instant OSC is not the correct procedural mechanism within which to do so. The new arguments raised in the Reply by the moving party are improper because Plaintiff was not afforded the opportunity to respond to same (see *Allstate Ins. Co. v. Dawkins*, 52 A.D.3d 826 [2d Dept. 2008]; *Davis v. New York City Housing Authority*, 172 A.D.3d 815 [2d Dept. 2019]). Additionally, the Court cannot understand how the pandemic "ruined" Defendant's trucking business when trucks were the predominant method of transporting goods during that time.

In the case at bar, the Court finds that Defendant has failed to establish a reasonable excuse or a meritorious defense to warrant vacatur of the Judgment of Divorce. The Court frankly finds his arguments to be devoid of any credibility. Indeed, he claims to have observed Mr. Gaisidis drinking

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 9 of 10
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023

alcohol and/or appearing intoxicated on several occasions, however, he still permitted Mr. Gaisidis to continue to represent him for nearly two years. Moreover, both Defendant and Defendant's attorney's allegations that Mr. Gaisidis abuses alcohol or suffers from a mental illness, are merely conclusory statements unsubstantiated by any evidence. The Court reiterates that during the inquest on default, neither Mr. Gaisidis or Defendant objected to the proceeding, nor did Defendant give any indication that he had fired Mr. Gaisidis or was dissatisfied with his representation. Since an Uzbek interpreter was present that day, as on every court appearance, Defendant cannot argue that he was unable to comprehend the proceeding. Furthermore, if he really did not comprehend the proceeding, he certainly never informed the Court of his lack of understanding. In consideration of these facts, the Court will not vacate the instant Judgment of Divorce.

**Counsel Fees**:

A court may award a party "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR § 130.1.1 (a); see *Strunk v. New York State Bd. of Elections*, 126 A.D.3d 779, 780 [2d Dept. 2015]). Conduct is deemed frivolous if it is (1) "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," (2) "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" or (3) "asserts material factual statements that are false" (22 NYCRR § 130-1.1 (c); see *Weissman v. Weissman*, 116 A.D.3d 848, 849 [2d Dept. 2014]).

In the instant case, the Court finds that Defendant failed to set forth a good faith basis for his instant OSC. As such, the Court awards Plaintiff attorney's fees in the amount of $2,500.

Therefore, in consideration of the foregoing, it is hereby:

ORDERED, that Defendant's Order To Show Cause (Motion Seq. No. 3) is denied in its

FILED: KINGS COUNTY CLERK 07/26/2023 04:11 PM
NYSCEF DOC. NO. 95
INDEX NO. 552703/2020
RECEIVED NYSCEF: 07/26/2023

23-11461-mg    Doc 21    Filed 03/04/24    Entered 03/07/24 11:55:15    Main Document
Pg 10 of 10

entirety; and it is further

ORDERED, that Plaintiff's Cross-Motion (Motion Seq. No. 4) for counsel fees is granted to the extent that her attorney, Natalia Friss, Esq., is awarded the sum of $2,500. Defendant shall pay this amount to Plaintiff's counsel, within thirty (30) days of the date of this Decision/Order. Plaintiff's counsel may enter judgment in this amount with the Clerk upon twenty (20) days written notice, via certified and regular mail to Defendant, without further application to this Court, if Defendant fails to tender this amount in compliance with this Order.

This constitutes the decision and order of the Court.

DATED: July 26, 2023

ENTERED:

_____
Hon. Theresa M. Ciccotto
JSC