UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | NOT FOR PUBLICATION |
|---|---|
| Akmal H. Sadikov, | Case No. 23-11461 (MG) |
| Debtor in a Closed Case. | Chapter 7 |

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REOPEN CHAPTER 7 CASE

*A P P E A R A N C E S:*

Law Offices of Rima Nayberg
*Attorney for Akmal H. Sadikov*
7 Knickerbocker Road
S. Plainview, NY 11803
By:    Rima Nayberg, Esq.

Friss Law Firm, P.C.
*Pro se Creditor*
11 Broadway, Suite 615
New York, NY 10004
By:    Natalya Friss, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the "Motion," ECF Doc. # 16) of Akmal H. Sadikov ("Sadikov" or the "Debtor") to reopen his chapter 7 case pursuant to section 350(b) of the Bankruptcy Code and Rules 5010 and 9024 of the Federal Rules of Bankruptcy Procedure. Sadikov seeks to reopen the case to amend Schedules E/F to his petition to add a single creditor—Friss Law Firm, P.C.—which, he asserts, has a claim of $17,000 (the "Friss Law Firm Claim"). (*See* Motion ¶ 11.) The Friss Law Firm Claim is not included in the schedules.

Sadikov's chapter 7 case was filed on September 6, 2023. On November 21, 2023, the Trustee issued a report of no distribution (ECF Doc. # 9), and Sadikov received a discharge and

1

order of final decree on December 19, 2023 (ECF Doc. # 14).  The case was closed on December 26, 2023.

The Motion was originally noticed for hearing on February 13, 2024, but Sadikov's counsel failed to appear at the hearing.  Natalya Friss, Esq. ("Friss") of the Friss Law Firm did appear,[1] however, and she advised the Court that the Friss Law Firm Claim against Sadikov had resulted from two orders of the New York Supreme Court awarding her counsel fees in the total amount of $17,500 in a matrimonial action between Sadikov and his former spouse, Farangiz Bonu Gulyamova, who was represented by the Friss Law Firm.  The Court requested that Friss provide the Court with copies of the state court orders awarding her the fees, which she did.  (*See* ECF Doc. ## 21, 22).

The Motion was then re-noticed for March 7, 2024.  (ECF Doc. # 20.)

The Motion does not disclose that the Friss Law Firm Claim results from fee awards in a matrimonial action.  As explained below, the basis for the Friss Law Firm Claim matters—it is, in fact, a non-dischargeable claim.  Because the Friss Law Firm Claim is non-dischargeable, and since this was a "no assets" case making any distribution to the Friss Law Firm unavailable, cause does not exist to reopen the case.  For that reason, the Motion is **DENIED.**

I.    BACKGROUND

A.    The Motion

The Debtor seeks to reopen his chapter 7 case for the "sole purpose of adding creditors to the Debtor's petition." (Motion ¶ 6.)  Specifically, the Debtor indicates that he failed to list one creditor in his petition and seeks authorization to amend the foregoing to add the Friss Law Firm in the amount of $17,000.  (*Id.* ¶ 11.)

---

[1] Friss stated that she did not file a formal objection before the February 13, 2024 hearing as she had only been served with the Motion two days before.

The Debtor represents that no creditors will be prejudiced by the relief sought as a bar date to file proofs of claim was not set in this case, the Chapter 7 Trustee filed a report of no distribution, and the Debtor's failure to schedule the foregoing creditor did not deprive him or her of an opportunity to file a proof of claim. (*Id.*) Additionally, the Debtor represents that the creditor's claim did not arise from "fraud, misrepresentation, willful or malicious injury, and they do not have grounds to object to the dischargeability of the debt." (*Id.* ¶ 12.) As the Court explains below, that conclusion is demonstrably false.

### B.      The Matrimonial Court Orders

On March 4, 2024, Friss submitted copies of the two matrimonial court orders to the Court and uploaded the same to the docket via the Court's *pro se* uploader tool.[2] The orders are comprised of the following:

1. *Judgment of Divorce in Gulyamova v. Sadikov* (552703/2020), entered on January 10, 2023 (the "Divorce Judgment Order," ECF Doc. # 22), which granted the Debtor's ex-wife's application to dissolve their marriage and awarded a money judgment in the amount of $15,000 against the Debtor for payment of his ex-wife's attorneys' fees. (*See* Divorce Judgment Order at 6.)

2. *Decision/Order in Gulyamova v. Sadikov* (552703/2020), entered on July 26, 2023 (the "Order Denying Motion to Vacate," ECF Doc. # 21 and, together with the Divorce Judgment Order, the "Matrimonial Court Orders"), which denied the Debtor's motion to vacate the matrimonial court's judgment of divorce and awarded a money judgment in the amount of $2,500 in attorney's fees payable to Friss Law Firm against the Debtor. (*See* Order Denying Motion to Vacate at 10.)

In total, the attorneys' fees amount to a total of $17,500, $500 more than what the Debtor asserts that he owes (*i.e.,* $17,000).

---

[2]      Friss "uploaded" the two orders to this Court's *pro se* pdf document uploader on March 4, 2024, but the documents did not appear on the case docket until some days later. *See* ECF Doc. ## 21 and 22 (dated March 4, 2024).

3

## II. LEGAL STANDARD

### A. Domestic Support Obligations and Related Attorneys' Fees

Section 523(a)(5) provides that domestic support obligations are excepted from discharge. Section 523(a)(15) provides that all other debts "to a spouse . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" are excepted from discharge. 11 U.S.C. § 523(a)(15). As explained by Collier:

> In their joint operation, § 523(a)(15) begins after § 523(a)(5) operates; and then § 523(a)(15) makes nondischargeable all other debts running between spouses or ex-spouses that were created under divorce decrees, decrees of separate maintenance, or any other court judgment that parses out the consequences of the breakdown of a marital relationship.

4 COLLIER ON BANKRUPTCY ¶ 523.23 (quoting *Lakeman v. Weed (In re Weed)*, 479 B.R. 533, 538 (Bankr. D. Minn. 2012)).

Section 101(14A) defines "domestic support obligation" as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
>> (A) owed to or recoverable by—
>>
>>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>>>
>>> (ii) a governmental unit;
>>
>> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

4

>   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
>   > (i) a separation agreement, divorce decree, or property settlement agreement;
>   >
>   > (ii) an order of a court of record; or
>   >
>   > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

It is well-settled that attorneys' fees awarded to a spouse in connection with a divorce proceeding are domestic support obligations within the meaning of section 101(14A), which are non-dischargeable under section 523(a)(5):

> Courts are in general agreement that obligations in the nature of alimony, maintenance and support may include the duty to pay attorneys' fees incurred by the former spouse in connection with a divorce proceeding, the obtaining and enforcement of alimony and/or support awards, or for custody disputes.

*Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 595–96 (2d Cir. 2002) (quoting *In re Peters*, 133 B.R. 291, 295 (S.D.N.Y. 1991), *aff'd*, 964 F.2d 166 (2d Cir. 1992) (per curiam)); *see also Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir. 1981) (noting that "[a]n award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary [of life] under the law," and that the bankruptcy court therefore "correctly concluded that defendant's undertaking to pay his wife's legal bill fell within th[e] definition" of alimony and support).

5

### B. Section 350(b) of the Bankruptcy Code

Pursuant to section 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b); *see also* FED. R. BANKR. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.").  "Cause" is not defined in the Bankruptcy Code, *see, e.g.*, *In re Mortensen*, 444 B.R. 225, 227 (Bankr. E.D.N.Y. 2011), and reopening a bankruptcy case under section 350(b) of the Bankruptcy Code "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent on the facts and circumstances of the case."  *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 Fed. App'x 199, 200 (2d Cir. 2004) (citation and internal quotation marks omitted).

The burden is on the movant to demonstrate "cause" to reopen the bankruptcy case.  *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017).  Ultimately, the determination of whether a case should be reopened for "other cause" is committed to the "broad discretion" of the bankruptcy court.  *Batsone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997).  In exercising this discretion, the court may consider numerous factors including equitable concerns.  *See In re Mortensen*, 444 B.R. at 227 (citation omitted) (granting motion to reopen Chapter 7 case).  Factors identified for consideration (the "*Easley* Factors") include: (1) the length of time that the case was closed; (2) whether a non-bankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether in prior litigation the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.  *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr.

6

S.D.N.Y. 2013) (internal citation omitted).  When weighing these factors, a court ought to emphasize substance over technical considerations.  *See In re Atari, Inc.*, No. 13-10176 (JLG) 2016 WL 1618346, at *4 (Bankr. S.D.N.Y. Apr. 20, 2016) (citing *In re Emmerling*, 223 B.R. at 864).

      C.      **Rules 5010 and 9024 of the Federal Rules of Bankruptcy Procedure**

"A party seeking relief from an order closing a chapter 7 case may do so pursuant to Bankruptcy Rules 5010 and 9024, which implement Rule 60 . . . of the Federal Rules of Civil Procedure."  *In re Velez*, 604 B.R. 438, 441 (Bankr. S.D.N.Y. 2019).  Bankruptcy Rule 5010 provides:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interest of creditors and the debtor or to insure efficient administration of the case.

FED. R. BANKR. P. 5010.

Bankruptcy Rule 9024 and Rule 60 ("Rule 60") of the Federal Rules of Civil Procedure provide the Court with "wide discretion to reopen a chapter 7 case to facilitate a distribution and for 'any other reason that justifies relief.'"  *Velez*, 604 B.R. at 441 (quoting Rule 60(b)(6)).  Rule 60(b) provides, in pertinent part, that:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Rule 60(b) aims to strike a balance between "serving the ends of justice and preserving the finality of judgments."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  "A motion for relief from an order under Rule 60(b) is addressed to the discretion of the court."  *In re Silber*,

7

Case No. 08-40000 (MG), 2009 WL 2902571, at *2 (Bankr. S.D.N.Y. June 10, 2009); 11 MOORE'S FEDERAL PRACTICE § 2857 (2d ed. 1995). A court's discretion is particularly broad under Rule 60(b)(6), which gives the court a "grand reservoir of equitable power to do justice in a particular case." *In re Enron Creditors Recovery Corp.*, Case No. 01-16034 (AJG), 2009 WL 3756951, at *3 (Bankr. S.D.N.Y. Nov. 6, 2009); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977). The underlying purpose of Rule 60(b)(6) is "to do justice in a particular case when relief is not warranted by the preceding clauses" of Rule 60(b). *In re AMC Realty Corp.*, 270 B.R. 132, 143 (Bankr. S.D.N.Y. 2001) (citing *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994)).

When a bankruptcy court exercises its broad discretion to reopen a case under Rule 60(b)(6), "it is necessary to consider whether the likelihood of distributions to unsecured creditors, and/or avoidance of the arguable forfeiture, provides a basis for invocation of Clause (6) . . . ." *AMC Realty*, 270 B.R. at 143–44 (concluding that the court should also examine whether extraordinary circumstances or undue hardship are present). The "[f]undamental purpose of bankruptcy law is 'to place the property of the bankrupt, wherever found, under the control of the court, for equal distribution among the creditors.'" *In re QC Piping Installations, Inc.*, 225 B.R. 553, 564 (Bankr. E.D.N.Y. 1998) (quoting *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 91 (2d Cir. 1988). "One of the Bankruptcy Code's main purposes . . . 'is to convert the bankrupt's estate into cash and distribute it among creditors.'" *In re Saint Vincents Catholic Med. Ctrs. of New York*, 429 B.R. 139, 146 (Bankr. S.D.N.Y. 2010) (quoting *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983)); *see also Douglas v. Stamco*, 363 Fed. App'x. 100, 103 (2d Cir. 2010) (stating that maximizing the value of assets and potential recovery to the creditors is a core aim of the Bankruptcy Code).

### III.  DISCUSSION

Cause to reopen this case does not exist as the debt the Debtor seeks to include in his petition, and thus discharge, is comprised of attorneys' fees relating to a matrimonial dispute. Such amounts are non-dischargeable domestic support obligations under section 523(a)(5).  *See In re Kalsi*, 631 B.R. 369 (Bankr. S.D.N.Y. 2021) (concluding that attorneys' fees awarded in a matrimonial action are non-dischargeable, including any attorneys' fees awarded prepetition that remain unpaid after distribution).

In general, it must be shown that the attorneys' fees are (i) clearly owed to or recoverable by a spouse; (ii) are in the nature of "alimony, maintenance, and support"; (iii) established by a pre-petition order of a court of record; and (iv) not assigned to a governmental entity.  *See* 11 U.S.C. § 101(14A).  Here, each of these elements is satisfied.  Each of the Matrimonial Court Orders granted prepetition attorneys' fees in favor of the Debtor's ex-spouse and are, therefore, "owed to or recoverable by a spouse."  The attorneys' fees are in the nature of "alimony, maintenance, and support."  Finally, there is no indication that there was an assignment to a governmental entity.  Therefore, the attorneys' fees in the amount of $17,500 (not $17,000) are non-dischargeable domestic support obligations under section 523(a)(5).

In addition to being non-dischargeable, "[a]llowed unsecured claims for domestic support obligations" owed to or recoverable by a "spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative" are entitled to first priority.  11 U.S.C. § 507(a)(1)(A).  An "award of attorneys' fees are prepetition domestic support obligations entitled to priority under section 507(a)(1)(A)."  *Kalsi*, 631 B.R. at 373–74.  But since this was a "no assets" case, the Friss Law Firm could not benefit from reopening the case—there were no distributions to lower-ranking creditors that could be clawed-back to pay priority creditors.

9

Given the foregoing, there is no need for the case to be reopened pursuant to section 350(b) of the Bankruptcy Code "to administer assets, to accord relief to the debtor, or for other cause." *See* 11 U.S.C. § 350(b). Indeed, the *Easley* factors weigh against reopening the case as (i) parties would suffer prejudice should the Motion be granted and (ii) it is "clear at the outset that no relief would be forthcoming by granting the motion to reopen." *Easley-Brooks*, 487 B.R. at 407.

## IV.    CONCLUSION

For the reasons explained above, the Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:    March 11, 2024
         New York, New York

                                        *Martin Glenn*
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge